UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAHAN SAM,

                              Plaintiff,

    -against-                              NOT FOR PUBLICATION
                                                        **MEMORANDUM & ORDER**
                                                        14-CV-3253 (CBA) (LB)

CITY OF NEW YORK; POLICE OFFICER
RAYMOND MARTINEZ; POLICE OFFICER
TARIQ ABDUR RAHMAN; KINGS COUNTY
DISTRICT ATTORNEY; and
IAB OFFICERS,

                              Defendants.
------------------------------------------------------------X

**AMON, Chief United States District Judge:**

On February 18, 2014, plaintiff Dahan Sam, currently incarcerated at Downstate Correctional Facility,[1] filed this pro se action pursuant to 42 U.S.C. § 1983 against the City of New York, Police Officer Raymond Martinez, Police Officer Tariq Abdur Rahman, the Kings County District Attorney, and unnamed IAB officers.[2] (Compl., Docket Entry ("D.E.") # 1.) The complaint was initially filed in the Southern District of New York but was subsequently transferred to this Court. (D.E. # 4.) On September 9, 2014, plaintiff re-filed his complaint with additional attachments, which the Court has construed as an amended complaint.[3] (Am. Compl., D.E. # 10.) Sam has requested to proceed in forma pauperis, (D.E. # 3), and this request is granted. For the reasons set forth below, the amended complaint is dismissed as to the City of New York, the Kings County District Attorney and the IAB officers, but Sam may submit a

---

[1] Sam was previously incarcerated at Otis Bantum Correctional Center but, according to the New York State Department of Corrections and Community Supervision website, as of September 15, 2014 he is incarcerated at Downstate Correctional Facility.

[2] The Court notes that Sam's initial and amended complaint include "90th pct" in the case caption, which appears to refer to the 90th Precinct of the New York City Police Department. Sam, however, has not listed the 90th Precinct as a named defendant on the portion of the form § 1983 complaint where plaintiffs are asked to list the name of each defendant. Accordingly, the Court understands Sam's reference to the 90th Precinct to indicate that this is the precinct where Officers Martinez and Rahman were police officers at the relevant time, rather than an attempt to name the 90th Precinct as a defendant.

[3] Specifically, the amended complaint attaches medical records, a copy of Sam's Notice of Claim against the City of New York, and a copy of the Transfer Order issued by the Honorable Loretta A. Preska.

1

second amended complaint to include additional factual allegations against these defendants within thirty days of this Order.

## BACKGROUND

The following facts are taken from Sam's amended complaint, as well as the documents attached thereto. Sam alleges that on October 12, 2012 at approximately 12 a.m., he was arrested in Brooklyn by Officer Martinez and Officer Rahman, and that he was assaulted before and after his arrest. (D.E. # 10 at 3, 7.) Sam further alleges that Officer Martinez and Officer Rahman shot him a total of ten times. (Id. at 7.) Medical records attached to Sam's amended complaint indicate that Sam was treated for multiple gunshot wounds on October 12, 2012 at Bellevue Hospital. (Id. at 17.) Sam states that although the officers told him that he was arrested because he matched the description of a suspect who had stolen an SUV, he believes he was the target of racial profiling. (Id. at 7.) He alleges that he has sustained permanent injuries as a result of this incident and seeks $2 million in damages. (Id. at 7, 19.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Further, a complaint is insufficient to state a

claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

In reviewing Sam's amended complaint under these standards, the Court is mindful that pro se filings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); accord Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after Twombly . . . we remain obligated to construe a pro se complaint liberally."). Moreover, in reviewing a complaint, a court may consider documents attached to the complaint. See Cain v. Rambert, No. 13-CV-5807(MKB), 2014 WL 2440596, at *2 (E.D.N.Y. May 30, 2014) (citing L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011)).

## DISCUSSION

### I. City of New York

Sam's amended complaint names as a defendant the City of New York. It is well-established that "local governments are responsible only for their own illegal acts. They are not vicariously liable under § 1983 for their employees' actions." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (internal quotation marks and citations omitted). In order to state a claim for relief under § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978); see also Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (internal quotation marks and citation omitted)). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless

proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

Sam has failed to allege facts from which the Court could infer that any alleged injury he suffered was caused by a policy or custom of the City of New York. In the Notice of Claim attached to Sam's complaint, he alleges that the City of New York was negligent "in hiring and retaining persons who were unfit to serve as police officers . . . and had a history of excessive or unreasonable force," that the City of New York failed to properly train the officers who assaulted and shot him, and that he was arrested as the result of a "quota system for arrest, which is [a] practice . . . used by the New York City Police Department." (D.E. # 10 at 3-4.) He further alleges that he was stopped as the result of racial profiling. (Id. at 4.) He fails, however, to plead any facts to support these conclusory assertions. "Although [a] plaintiff does not need to prove his claims through pleadings since much of the proof is developed in the discovery process, a § 1983 complaint cannot stand on the basis of vague and conclusory assertions." Brock v. City of New York, 13-CV-6311(BMC)(RML), 2013 WL 6176338, at *2 (E.D.N.Y. Nov. 25, 2013) (dismissing claims against City of New York when plaintiff alleged that there was a "policy of issuing non judicial warrants" and that defendants "target[ed] citizens based on race and ethnicity"); see also Simms v. City of New York, 480 F. App'x 627, 631 n.4 (2d Cir. 2012) (rejecting plaintiff's argument "that the mere conclusory allegation that the City failed to train its officers, without any supporting factual material, is sufficient to state a plausible claim for municipal liability under § 1983," and noting that a plaintiff could satisfy his pleading obligation for claim of failure to train "by alleging facts indicating a pattern of similar constitutional

violations by untrained [municipal] employees" (citation omitted)). Accordingly, Sam's § 1983 claim against the City is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

II. Kings County District Attorney

Sam also brings § 1983 claims against the Kings County District Attorney. As an initial matter, "[i]t is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). Here, although Sam named the Kings County District Attorney as a defendant, he has failed to make any allegations against the District Attorney, let alone allegations suggesting that the District Attorney had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Sam's civil rights. The only factual allegations in Sam's complaint relate to the alleged assault and shooting that occurred during his arrest on October 12, 2012; he does not include allegations regarding what occurred after his arrest except to vaguely state that the incident "continued . . . on to the Courts of the City and State of New York." (D.E. # 10 at 1.)

Moreover, even if Sam had alleged facts sufficient to show the personal involvement of the District Attorney, his claims would likely still fail. To the extent Sam attempts to bring § 1983 claims against the district attorney or other individual prosecutors in their official capacities for their role in prosecuting him after his October 12, 2012 arrest, they are entitled to Eleventh Amendment immunity. Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (stating that a district attorney in New York state is entitled to Eleventh Amendment immunity when involved in prosecuting a criminal matter). Further, if Sam attempted to sue individual prosecutors in their individual capacities, "[i]t is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal

5

prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)); see also Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) ("Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." (internal quotation marks and citations omitted)). Therefore, in order to state a claim against state prosecutors in their individual capacities, a plaintiff must show that the alleged misconduct was not related to the prosecutor's role as an advocate. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Given that Sam has failed to make any allegations against the Kings County District Attorney, his claim against the District Attorney are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

III. IAB Officers

Sam also brings claims against unnamed IAB officers. As noted above, in order to seek damages under § 1983, a plaintiff must allege the defendant's personal involvement in the alleged constitutional deprivation. Farid, 593 F.3d at 249 (citation omitted). As with the District Attorney, Sam has failed to make any factual allegations against these IAB officers. The Court notes that Sam's complaint references "Officer Chad Mack, Officer Garcia, and Officer Shoklen," (D.E. # 10 at 7), but he makes no allegations as to their involvement in the deprivation of his constitutional rights, or whether they are the IAB officers he seeks to name as defendants. Given Sam's failure to provide any information about the involvement of the IAB officers, the complaint is dismissed as to those defendants. 28 U.S.C. § 1915(e)(2)(B).

IV. Leave to Amend

The Second Circuit has repeatedly emphasized that "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets and quotation marks omitted); see also Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) ("Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." (internal quotation marks and citation omitted)). Moreover, "[a]lthough the language of § 1915 is mandatory, stating that 'the court shall dismiss the case' in the enumerated circumstances . . . a pro se plaintiff who is proceeding in forma pauperis should be afforded the same opportunity as a pro se fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

Although Sam submitted what this Court has construed to be an amended complaint, the amended complaint was largely similar to his initial complaint and he has not been afforded an opportunity to cure the pleading deficiencies discussed above. Accordingly, Sam is granted leave to amend his complaint to include factual allegations in support of his claims against the City of New York, the Kings County District Attorney, and the IAB officers. Even if Sam does not know the names of the individual IAB officers, he may identify each of them as John Doe or Jane Doe and include a description of the role each individual played in the alleged deprivation of his rights. Sam is reminded that it is not sufficient to merely name an individual defendant in his complaint; he must include factual allegations regarding their personal involvement in the alleged deprivation of his rights.

If Sam chooses to file a second amended complaint, he must do so within thirty (30) days of the date of this Order. Sam is advised that an amended complaint replaces the complaint

currently pending before the Court, and therefore must include all of his claims and factual allegations against all of the defendants. The second amended complaint must be captioned "Second Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Sam's request to proceed in forma pauperis is granted. For the reasons set forth above, Sam's claims against the City of New York, the Kings County District Attorney, and the IAB officers are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), but Sam may file a second amended complaint as to these defendants within thirty (30) days of this Order. If Sam fails to file a second amended complaint within thirty days, the Court shall enter judgment as to these defendants.

The amended complaint shall proceed against Officers Raymond Martinez and Tariq Abdur Rahman. The Clerk of Court shall issue summonses against Martinez and Rahman and the United States Marshals Service is directed to serve the summonses, plaintiff's amended complaint, and a copy of this Order upon Martinez and Rahman without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November  2014
Brooklyn, N.Y.

/S/ Chief Judge Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge