UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                        :
DAHAN SAM,
                                        :
            Plaintiff,
                                        :    14-CV-3253 (CBA)(LB)
      -Against-
                                        :    THIRD
                                             AMENDED COMPLAINT
THE CITY OF NEW YORK, New York    :          AND JURY DEMAND
City Police Officers RAYMOND
MARTINEZ; TARIQ ABDUR RAHMAN;     :
CHAD MACK; DENNIS WESTBROOK;
ROXANNE MORALES-CHEN; NICHOLAS    :
SOFOKLES; CHRISTIAN ALLEN;
THOMAS MIKALINIS; JOHN DOE 1;     :
and JOHN DOE 2, in their
individual capacities,            :

                                  :

            DEFENDANTS.    :
- - - - - - - - - - - - - - - - - - -x

### THIRD AMENDED COMPLAINT AND JURY DEMAND

   PLAINTIFF, DAHAN SAM, by his attorney Michael W. Martin, Esq.,

and Lincoln Square Legal Services, Inc., hereby brings this

action under 42 U.S.C. § 1983 to redress his civil and legal

rights, and alleges as follows:

### PRELIMINARY STATEMENT

1) This is a civil rights action in which PLAINTIFF, DAHAN SAM,

   seeks relief for the DEFENDANTS' violation of his rights

   pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the

   United States Constitution.  PLAINTIFF seeks a declaratory

   judgment, compensatory and punitive damages, an award of

1

costs, attorney's fees, and such other relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2) This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  This Court has personal and subject matter jurisdiction over DEFENDANTS in this action.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as this is an action seeking redress for the violation of PLAINTIFF's constitutional and civil rights.

3) Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that DEFENDANT CITY OF NEW YORK is administratively located within the Eastern District of New York, and the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4) PLAINTIFF demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5) At all times relevant to this action, PLAINTIFF, DAHAN SAM, was a resident of Kings County, New York.  He is currently incarcerated at the Metropolitan Correctional Center in Manhattan, New York.

6) At all times relevant to this action, DEFENDANT CITY OF NEW
   YORK is and was a municipal entity created and authorized
   under the laws of the State of New York.  It is authorized by
   law to maintain a police department, which acts as the
   municipality's agent in the area of law enforcement and for
   which the municipality is ultimately responsible.  DEFENDANT
   CITY OF NEW YORK maintains a police force known as the New
   York City Police Department ("NYPD").  DEFENDANT CITY OF NEW
   YORK satisfies the requirements for municipal liability under
   42 U.S.C. § 1983 because its policies do not provide
   sufficient guidance regarding the use of force, fail to
   properly train officers in de-escalation, and frequently
   allow officers who use force without justification to go
   undisciplined.  There is an obvious need to sufficiently
   train officers in these areas, and a failure to do so amounts
   to deliberate indifference to the deprivation of the
   constitutional rights of the people of New York who come into
   contact with NYPD.  An affirmative link exists between
   DEFENDANT CITY OF NEW YORK's insufficient policies and the
   deprivation of PLAINTIFF's constitutional rights.  DEFENDANT
   CITY OF NEW YORK was at all times relevant herein the public
   employer of the other named defendants.

7) At all times relevant to this action, DEFENDANTS RAYMOND
   MARTINEZ, TARIQ ABDUR RAHMAN, NICHOLAS SOFOKLES, CHAD MACK,

DENNIS WESTBROOK, ROXANNE MORALES-CHEN, CHRISTIAN ALLEN, THOMAS MIKALINIS, JOHN DOE 1, and JOHN DOE 2 ("INDIVIDUAL DEFENDANTS") were police officers employed by NYPD, acting under the color of law.  Upon information and belief, known INDIVIDUAL DEFENDANTS were assigned to the following areas of NYPD at the time of the occurrences alleged in this complaint: Sergeant MARTINEZ and Officer SOFOKLES were assigned to the 90th precinct; Officers RAHMAN, MACK, ALLEN, and MIKALINIS were assigned to Police Service Area 3; and Officers WESTBROOK and MORALES-CHEN were assigned to the Brooklyn North Task Force.  Upon information and belief, DEFENDANTS JOHN DOE 1 and JOHN DOE 2 were involved in the events that gave rise to the claims described herein. INDIVIDUAL DEFENDANTS are being sued in their individual capacities.

8) At all times relevant to this action, INDIVIDUAL DEFENDANTS were acting under the color of the statutes, ordinances, regulations, policies, customs, and usages of NYPD and New York City, pursuant to their authority as employees, servants, and agents of NYPD, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants, and employees.

4

9) By conduct, acts, and omissions complained of herein, DEFENDANTS violated clearly established constitutional standards under the Fourth Amendment.

## FACTUAL ALLEGATIONS

### The Incident

10) On the evening of October 11, 2012, Mr. Sam was walking to the subway on Broadway Avenue in Williamsburg, Brooklyn, when at least one individual in an unmarked car ordered him to stop.  The car did not have its headlights on and no one identified himself or herself as a police officer.

11) Upon information and belief, DEFENDANTS allege they were pursuing Mr. Sam on the basis that he may have matched the description of a perpetrator who had fled a police traffic stop in an SUV earlier in the night.

12) The description of the perpetrator driving the SUV was of a black male wearing a black hoodie.  Mr. Sam was wearing a grey sweatshirt with no hood.  Mr. Sam did not match the description of the suspect and was neither driving nor riding in the SUV.  At a subsequent criminal trial, Mr. Sam was found not guilty of stealing or using the SUV.

13) The car with no headlights on began to follow Mr. Sam. Feeling threatened by the prospect of an unmarked car following him late at night, Mr. Sam began to run.

14)At least one individual exited the car and, without justification, chased after Mr. Sam on foot.

15)Mr. Sam ran behind the housing complex at 255 Havemeyer Street in Brooklyn with INDIVIDUAL DEFENDANTS in pursuit.

16)At some point during the chase behind the housing complex at 255 Havemeyer Street, INDIVIDUAL DEFENDANTS shot Mr. Sam multiple times, without justification, including after Mr. Sam was incapacitated.

17)Upon information and belief, INDIVIDUAL DEFENDANTS placed a gun in the vicinity of the incapacitated Mr. Sam.

18)Mr. Sam sustained numerous bullet wounds as a result of INDIVIDUAL DEFENDANTS' unjustified and excessive use of force.

19)Mr. Sam was arrested, handcuffed, and transported via ambulance to Bellevue Hospital.

20)Mr. Sam underwent several surgeries in order to remove the numerous bullets that were lodged into his body.

21)Each of the INDIVIDUAL DEFENDANTS had a realistic opportunity to intervene in the illegal conduct committed in their presence and failed to do so.

**The Criminal Proceedings**

22)On October 18, 2012, Mr. Sam was charged with two counts of Attempted Murder in the First Degree, two counts of Attempted Aggravated Murder, two counts of Attempted Murder in the

6

Second Degree, two counts of Attempted Aggravated Assault upon a Police Officer, two counts of Attempted Aggravated Assault in the First Degree, two counts of Criminal Possession of a Weapon in the Second Degree, two counts of Criminal Possession of Stolen Property in the Fourth Degree, one count of Unauthorized Use of a Vehicle in the Third Degree, one count of Reckless Endangerment in the First Degree, and two counts of Menacing of a Police Officer.

23) Mr. Sam's case went to trial in June 2014, where on June 27, 2014, he was acquitted of all charges, except for one count of Attempted Aggravated Assault on a Police Officer, which he is currently appealing.

**DEFENDANT CITY OF NEW YORK's Failings Regarding the Use of Force Policy, Training, and Internal Monitoring and Enforcement**

24) On October 1, 2015, the New York City Department of Investigation and Office of the Inspector General for NYPD published a report titled Police Force in New York: Findings and Recommendations ("IG Report"), which spans the years 2010 to 2014. The IG Report states on page two, "[h]istorically, NYPD has frequently failed to discipline officers who use force without justification."

25) According to page three of the IG Report, "NYPD's current use-of-force policy is vague and imprecise, providing little

guidance to individual officers on what actions constitute force."

26) According to page three of the IG Report, "NYPD's current use-of-force Patrol Guide procedure . . . offer[s] no clarity on what constitutes 'excessive force'" and is "completely silent on what actions constitute 'force.'"

27) According to page three of the IG Report, "NYPD's current procedures for documenting and reporting force incidents are fragmented across numerous forms, and officers frequently use generic language that fails to capture the specifics of an encounter.  The lack of a centralized, uniform use-of-force reporting mechanism leaves officers without guidance about reporting force and NYPD without adequate data regarding police officer use of force.  It is currently impossible to accurately and comprehensively track the use of force by NYPD officers."

28) According to page three of the IG Report, "NYPD's Patrol Guide does not properly instruct officers to de-escalate encounters with the public," despite NYPD's "stated commitment to de-escalation training."

29) According to page four of the IG Report, "NYPD training does not adequately focus on de-escalation."

30) According to page four of the IG Report, "NYPD frequently
    failed to impose discipline even when provided with evidence
    of excessive force."

31) According to page twenty-one of the IG Report, the NYPD
    Patrol Guide does not define "force," "excessive force," or
    "deadly physical force."

**<u>FIRST COUNT</u>**

Excessive Use of Force against DEFENDANTS MARTINEZ, RAHMAN,
MACK, WESTBROOK, MORALES-CHEN, ALLEN, MIKALINIS, JOHN DOE 1, and
<u>JOHN DOE 2 pursuant to 42 U.S.C. § 1983 and the Fourth Amendment</u>

32) PLAINTIFF repeats and re-alleges as if fully set forth herein
    the allegations contained in paragraphs numbered 1 through
    31.

33) Upon information and belief, the excessive use of force by
    DEFENDANTS MARTINEZ, RAHMAN, MACK, WESTBROOK, MORALES-CHEN,
    ALLEN, MIKALINIS, JOHN DOE 1, and JOHN DOE 2 was objectively
    unreasonable under the totality of the circumstances, and the
    force used against PLAINTIFF was applied to cause him harm
    without just cause or provocation.

34) Upon information and belief, the actions taken by DEFENDANTS
    MARTINEZ, RAHMAN, MACK, WESTBROOK, MORALES-CHEN, ALLEN,
    MIKALINIS, JOHN DOE 1, and JOHN DOE 2 in continuing to shoot
    at PLAINTIFF after he was incapacitated, constituted the use

of excessive force in violation of 42 U.S.C. § 1983 and the
Fourth Amendment to the United States Constitution.

35) The use of excessive force by DEFENDANTS MARTINEZ, RAHMAN,
MACK, WESTBROOK, MORALES-CHEN, ALLEN, MIKALINIS, JOHN DOE 1,
and JOHN DOE 2 was undertaken willfully and without regard
for PLAINTIFF's safety.  Given the circumstances, DEFENDANTS
MARTINEZ, RAHMAN, MACK, WESTBROOK, MORALES-CHEN, ALLEN,
MIKALINIS, JOHN DOE 1, and JOHN DOE 2 could not have believed
in good faith that their excessive use of force against
PLAINTIFF was necessary, as PLAINTIFF posed no immediate
threat to DEFENDANT MARTINEZ, RAHMAN, MACK, WESTBROOK,
MORALES-CHEN, ALLEN, MIKALINIS, JOHN DOE 1, or JOHN DOE 2.

36) PLAINTIFF was severely physically injured, suffered physical
pain and impairment, and experienced great mental and
emotional distress as a result of the unlawful conduct
committed by DEFENDANTS MARTINEZ, RAHMAN, MACK, WESTBROOK,
MORALES-CHEN, ALLEN, MIKALINIS, JOHN DOE 1, and JOHN DOE 2.

37) DEFENDANTS MARTINEZ, RAHMAN, MACK, WESTBROOK, MORALES-CHEN,
ALLEN, MIKALINIS, JOHN DOE 1, and JOHN DOE 2 had an
affirmative duty to intervene on behalf of PLAINTIFF, whose
constitutional rights were being violated.  DEFENDANTS
MARTINEZ, RAHMAN, MACK, WESTBROOK, MORALES-CHEN, ALLEN,
MIKALINIS, JOHN DOE 1, and JOHN DOE 2 directly participated
in, or failed to intervene to protect PLAINTIFF from,

10

unlawful excessive force, despite having a realistic

opportunity to do so.

38) As a result of the use of excessive force by DEFENDANTS

MARTINEZ, RAHMAN, MACK, WESTBROOK, MORALES-CHEN, ALLEN,

MIKALINIS, JOHN DOE 1, and JOHN DOE 2, PLAINTIFF continues to

suffer grave physical and emotional impairment, whereas some

of the sustained injuries are permanent in nature and

duration.

<u>**SECOND COUNT**</u>

False Arrest against DEFENDANTS MARTINEZ, RAHMAN, SOFOKLES,
MACK, WESTBROOK, MORALES-CHEN, ALLEN, MIKALINIS, JOHN DOE 1, and
<u>JOHN DOE 2 pursuant to 42 U.S.C. § 1983 and the Fourth Amendment</u>

39) PLAINTIFF repeats and re-alleges as if fully set forth herein

the allegations contained in paragraphs numbered 1 through

31.

40) INDIVIDUAL DEFENDANTS pursued PLAINTIFF in the absence of

circumstances reasonably suggesting that PLAINTIFF had

committed a crime.

41) When INDIVIDUAL DEFENDANTS fired upon PLAINTIFF, there was no

evidence to reasonably suspect that PLAINTIFF had committed a

crime nor any evidence of provocation to justify a use of

force.

42) INDIVIDUAL DEFENDANTS, acting under the color of state law,

arrested PLAINTIFF without probable cause.

43) INDIVIDUAL DEFENDANTS had an affirmative duty to intervene on behalf of PLAINTIFF, whose constitutional rights were being violated.  INDIVIDUAL DEFENDANTS directly participated in, or failed to intervene to protect PLAINTIFF from, false arrest despite having a realistic opportunity to do so.

44) As a result of PLAINTIFF's false arrest, he has been deprived of his liberty and suffered extreme harm.

### THIRD COUNT

Municipal Liability against DEFENDANT CITY OF NEW YORK pursuant to 42 U.S.C. § 1983 for COUNTS ONE AND TWO

45) PLAINTIFF repeats and re-alleges as if fully set forth herein the allegations contained in paragraphs numbered 1 through 31.

46) DEFENDANT CITY OF NEW YORK is liable for all of the constitutional violations detailed in COUNTS ONE AND TWO because PLAINTIFF's injuries resulted from DEFENDANT CITY OF NEW YORK's policies.

47) DEFENDANT CITY OF NEW YORK's lack of guidance regarding the use of force, failure to adequately train de-escalation, and the frequent failure to discipline officers who use force without justification demonstrate a deliberate indifference to the deprivation of the constitutional rights of the people of New York who come into contact with NYPD.

48) The need for DEFENDANT CITY OF NEW YORK to supply adequate guidance regarding the use of force and de-escalation and to discipline officers who use force without justification was obvious, given the frequency of NYPD's interactions with the people of New York, the potential for such encounters to turn violent, and the potential for abuse in any system where non-compliance and illegal activity are not disciplined.

49) An affirmative causal link exists between DEFENDANT CITY OF NEW YORK's lack of guidance regarding the use of force, its failure to adequately train officers regarding de-escalation, as well as its frequent failure to discipline officers who use force without justification, and the use of excessive force used against PLAINTIFF.

50) An affirmative causal link exists between DEFENDANT CITY OF NEW YORK's policies and the false arrest PLAINTIFF suffered.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays this Court to:

a) Declare that DEFENDANTS' actions and omissions violated PLAINTIFF's constitutional rights;

b) Grant compensatory damages to PLAINTIFF in the sum of $2,000,000 for his pain and suffering;

c) Award PLAINTIFF punitive damages from each DEFENDANT in an amount deemed sufficient to vindicate his constitutional rights

and to deter DEFENDANTS and others in DEFENDANTS' positions from committing similar violations of the constitutional rights of the people of New York who come into contact with NYPD; and

    d) Award PLAINTIFF costs, disbursements, and attorney's fees incurred in the pursuit of this action; and

    e) Grant such other and further relief as this Court may deem just and proper.

    Dated: New York, New York
          October 9, 2015

> /s/ Michael W. Martin, Esq.
> Michael W. Martin, Esq. (MM 0752)
> Lincoln Square Legal
> Services, Inc.
> Attorney for Plaintiff
> 150 West 62nd Street, 9th Floor
> New York, New York 10023
> (212) 636-6934
>
> Dean's Fellow
> Gaurav K. Talwar
>
> Legal Interns
> Alison Bitterly
> Matt Grier
> Alex Spector